UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENYATTA MAXWELL BLAKE,
individually,

    Plaintiff,

v.                                               Case No. 3:24-cv-418-TJC-LLL

WASTE MANAGEMENT, INC.,

    Defendant.

## **O R D E R**

This case is before the Court on the Motion to Proceed In Forma Pauperis. Doc. 5. On October 8, 2024, the assigned United States Magistrate Judge issued a Report and Recommendation recommending denying the motion and dismissing the Amended Complaint. Doc. 6. No party has filed an objection to the Report and Recommendation, and the time in which to do so has passed. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Based on its de novo review of the file and in an abundance of caution, the Court will allow Plaintiff to file a second amended complaint limited to her claim for a hostile work environment based on race. Otherwise, for the reasons stated in the Report and Recommendation, Doc. 6, all other claims are dismissed with prejudice.

If plaintiff elects to file a second amended complaint, it will be sufficient to revise the title (to reflect "Second Amended Complaint") and delete all counts except for the hostile work environment claim (Count II would become Count I). Plaintiff should retain all facts that relate to her hostile work environment claim. Plaintiff may delete facts that only supported other claims that will not be part of the second amended complaint.

Because Plaintiff will be permitted to proceed pro se, the Court will take this opportunity to inform Plaintiff of some of the more prominent procedural rules with which she must comply. The Court reminds Plaintiff that a pro se litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules of the United States District Court for the Middle District of Florida ("M.D. Fla. Loc. R.").[1] Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

---

[1] The Federal Rules of Civil Procedure and the Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov. A copy of the local rules may be obtained by visiting the Clerk's Office. Also, on the Court's website under the tab titled, "For Litigants," there is a section titled "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a handbook called "Guide for Proceeding without a Lawyer." If plaintiff does not have access to the internet, one free copy of the handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

The first of the requirements with which Plaintiff must comply are those regarding service of process on the Defendant. Plaintiff is responsible for preparing summonses to be served. The Clerk of Court shall send Plaintiff blank summonses to be completed and returned to the Clerk's Office for service by the United States Marshal. In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff is required to perfect service "within 90 days after the complaint is filed," Fed. R. Civ. P. 4(m), or in this case by March 25, 2025 (90 days from the date of this Order). It is Plaintiff's responsibility to ensure compliance with Federal Rule 4(m) and all other applicable rules. Failure to timely or otherwise properly perfect service of process may, under some circumstances, result in the dismissal of the action in its entirety as to the defendant not properly served. See Fed. R. Civ. P. 4(m).

Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. All documents filed with the Court must be in the form of a pleading, see Fed. R. Civ. P. 7(a); a motion, see Fed. R. Civ. P. 7(b); a response; or a notice. A pleading is the complaint and any amended complaint, as well as the answer to the complaint and any amended answer to the complaint. A motion is any document in which a party asks the Court to do something or requests relief. A response is any document responding to a motion by another party or an order directing a response to a matter. A notice

is any document in which a party provides pertinent information without asking the Court for something. Each pleading, motion, notice, or other paper shall be presented in a separate document (except for motions and memoranda of law; those must be together in one document).

Plaintiff must timely respond to the motions filed by other parties in this case because if plaintiff does not timely respond to such a motion, the Court may assume that plaintiff does not oppose that motion and any relief requested by the motion.[2] Local Rule 3.01(c) provides that any brief or legal memorandum in opposition to most motions must be filed within 14 days after plaintiff is served with that motion by her opponent.[3] If a party has missed a filing deadline, the party must file a motion asking for the Court's permission to file the document out of time.

Plaintiff shall not correspond with the Court or any Judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the

---

[2] Motions that plaintiff must respond to include, but are not limited to, discovery motions under Fed. R. Civ. P. 37, motions to dismiss under Fed. R. Civ. P. 12(b), and motions for summary judgment under Fed. R. Civ. P. 56.

[3] A party may respond to a motion to dismiss, for judgment on the pleadings, for summary judgment, to exclude or limit expert testimony, to certify a class, for a new trial, or to alter or amend the judgment within 21 days after service of the motion. Local Rule 3.01(c).

Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must include a caption (the same as is set forth on the complaint); a brief title that describes the nature of the document; plaintiff's name and signature; and a certificate of service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court must bear an original signature, or they will be rejected by the Court. Among other things, that signature serves as plaintiff's certification, pursuant to Fed. R. Civ. P. 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to review and become familiar with Fed. R. Civ. P. 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of the case.

All pleadings, motions, or other papers filed with the Court must also include a signed certificate of service. The certificate of service is confirmation that plaintiff has complied with the requirements of Fed. R. Civ. P. 5 by serving on every other party to the action (or their attorneys) a

copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a certificate of service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion. If plaintiff seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, plaintiff must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. See Local Rule 3.01(a). However, the motion and memorandum shall be filed as one single document and cannot exceed twenty-five pages (25) in length. See id. Further, plaintiff is advised that prior to filing most motions, Local Rule 3.01(g) requires that she confer with opposing counsel in a good faith attempt to resolve the issue. Plaintiff must include a certification in the motion that she has complied with this requirement and shall also notify the Court whether the parties agree on the relief requested. The Court would note that Local Rule 3.01 sets forth several other important requirements

and rules governing motions filed with the Court. The failure to comply with these requirements or any other rule may result in the denial of the motion.

Plaintiff is also cautioned that she must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including dismissal of this case. Plaintiff is reminded that, although she is proceeding pro se, she is not relieved of the obligations that rest upon an attorney. There are still many requirements with which plaintiff must comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. See Fed. R. Civ. P. 37. In addition, failure to conduct a timely Case Management Conference and submit a Case Management Report can result in dismissal of this case for lack of prosecution. See Local Rules 3.02, 3.10.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting plaintiff's duties and obligations in litigating this case.

The Court also encourages plaintiff to consider consulting with a legal aid organization such as Jacksonville Area Legal Aid (JALA). Additionally, the Jacksonville Federal Court Bar Association operates a Legal Information Program in which pro se litigants may meet with a lawyer for free to ask general questions. Plaintiff may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts/gov/legal-information-program.

Plaintiff shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, found at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure, the Local Rules of the Middle District of Florida, and any applicable statutes and regulations.

Accordingly, it is hereby

**ORDERED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 6, is **ADOPTED in part** as the opinion of the Court, except as to Plaintiff's hostile work environment claim based on race.

2. Plaintiff' Motion to Proceed In Forma Pauperis, Doc. 2, is **GRANTED**.

3. Plaintiff may file a second amended complaint, no later than **January 17, 2025**. The second amended complaint shall be limited to Plaintiff's claim for a hostile work environment based on her race.

4. Plaintiff shall perfect service of process Defendant by **March 25, 2025**. The Clerk of Court shall immediately send Plaintiff a blank summons to be completed by Plaintiff and returned to the Clerk's Office for service by the United States Marshal. In addition to the completed summons, Plaintiff shall also return to the Clerk's Office copies of the operative complaint for service on Defendant. Failure to timely perfect service of process may result in the dismissal of the action. See Fed. R. Civ. P. 4(m).

**5.** Plaintiff shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and any applicable statutes and regulations.

**DONE AND ORDERED** in Jacksonville, Florida, the 27th day of December, 2024.



ddw

Copies to:

The Honorable Laura Lothman Lambert
United States Magistrate Judge

Kenyatta Maxwell Blake
9093 Galloway Drive
Jacksonville, FL 32291